**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HILAUF MOLLA,

Petitioner,

v.

Case No. 2:26-cv-00719-MIS-JMR

DORA CASTRO, Warden, Otero County Processing Center; MARY DE ANDA-YBARRA, Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; ACTING DIRECTOR, U.S. Immigration and Customs Enforcement; SECRETARY, U.S. Department of Homeland Security; and ATTORNEY GENERAL OF THE UNITED STATES,

Respondents.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Hilauf Molla's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed March 9, 2026.[1] The federal Respondents filed a Response on August 20, 2026 ("Response"),[2] ECF No. 6, to which Petitioner filed a Reply on August 25, 2026, ECF No. 8. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition.

---

[1] This case was originally assigned to then-Chief United States District Judge William P. Johnson and reassigned to the undersigned District Judge on August 6, 2026. See ECF No. 3.

[2] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a citizen of Ethiopia who entered the United States without inspection in 2023. Pet. ¶ 1. Shortly after his entry, U.S. Immigration and Customs Enforcement ("ICE") officers apprehended Petitioner and charged him as removable as an alien present without admission or parole. Id. ¶ 2. Thereafter, ICE released Petitioner on an Order of Release on Recognizance. Id. ¶ 3. He subsequently filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Id. ¶ 5. In January 2026, ICE apprehended Petitioner in Minnesota. Id. ¶ 6. It appears that he has been in immigration detention ever since, and is currently detained at the Otero County Processing Center in Chaparral, New Mexico. See id. ¶ 7; see also ECF No. 1-2 at 1.

On March 9, 2026, Petitioner filed the instant Petition arguing that his re-detention without a pre-deprivation bond hearing violated (1) his Fifth Amendment right to due process, (2) 8 U.S.C. § 1226(a) of the Immigration and Nationality Act ("INA"), and (3) certain regulations. ECF No. 1 ¶¶ 40-69. He seeks immediate release or a declaration that he is entitled to a bond hearing under Section 1226(a). See id.

On March 12, 2026, an Immigration Judge issued an Order finding Petitioner to be inadmissible under Sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(1) of the INA, denying his application for asylum, withholding of removal, and protection under CAT, and ordering Petitioner removed to Ethiopia. Order of the Immigration Judge ("Removal Order"), ECF No. 6-1. Petitioner appealed the Removal Order, and on July 28, 2026, the Board of Immigration Appeals dismissed the appeal. BIA Order, ECF No. 6-2.

On August 20, 2026, Respondents filed a Response to the Petition arguing that because the BIA has dismissed Petitioner's appeal of the Removal Order, the Removal Order is now final and he is subject to mandatory detention under 8 U.S.C. § 1231(a). ECF No. 6 at 1-2.

On August 24, 2026, Petitioner filed a pro se "Motion to Update the Court and Request for Immediate Release Pending Appeal with the 10th Circuit." ECF No. 7 ("Update"). Therein, Petitioner advises the Court that he has appealed the BIA's dismissal to the Tenth Circuit Court of Appeals. Id. at 1. A review of the Tenth Circuit's docket on PACER reveals that Petitioner filed two appeals of BIA orders: Molla v. Blanche, Case No. 26-9581 (10th Cir. filed Aug. 24, 2026); Molla v. Blanche, Case No. 26-9585 (10th Cir. filed Aug. 27, 2026).

On August 25, 2026, Petitioner, through counsel, filed a Response to Respondents' Opposition to Petition for Writ of Habeas Corpus ("Reply"). ECF No. 8.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his re-detention without a pre-deprivation bond hearing violated (1) his Fifth Amendment right to due process, (2) 8 U.S.C. § 1226(a) of the INA, and (3) certain regulations. ECF No. 1 ¶¶ 40-69. He seeks immediate release or a declaration that he is entitled to a bond hearing under Section 1226(a). See id.

Respondents argue that because the BIA has dismissed Petitioner's appeal of the Removal Order, the Removal Order is now final and he is subject to mandatory detention under 8 U.S.C. § 1231(a). ECF No. 6 at 1-2.

In his pro se Update, Petitioner argues that because he has appealed the BIA's dismissal to the Tenth Circuit Court of Appeals, his "continued detention no longer serves its intended purpose." ECF No. 7 at 3. He asks to be released "so that he may continue to pursue [his] case while not being subject to prolonged and unnecessary detention." Id.

In his counseled Reply, Petitioner concedes that because the BIA dismissed his appeal of the Removal Order he is now subject to mandatory detention under 8 U.S.C. § 1231. ECF No. 8 at 1. However, he argues that because he never received a bond hearing, the Court should grant his Petition to the extent it asserts that his re-detention without a pre-deprivation bond hearing was unlawful and order his immediate release. Id. at 2.

The detention of noncitizens subject to a removal order is governed by 8 U.S.C. § 1231. It is undisputed that Petitioner is subject to a final order of removal and that the statutory authority for his detention arises from Section 1231. See Resp. at 2-3; Reply at 1.

When removal has been ordered, "the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8

U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." Id. § 1231(a)(2). The removal period begins on the latest of the following dates:

> **(i)** The date the order of removal becomes administratively final.
>
> **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

Id. § 1231(a)(1)(B). However, detention of a noncitizen subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months after the removal order becomes administratively final. Zadvydas, 533 U.S. at 701. After that, if the noncitizen offers "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* But the presumption "does not mean that every alien not removed must be released after six months." Id. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Here, Petitioner's removal period began on July 28, 2026, when the BIA dismissed his appeal, ECF No. 6-2, because the Tenth Circuit has not issued a stay of removal, 8 U.S.C. § 1231(a)(1)(B)(ii). See Bossei v. Blanche, Civil Action No. 26-cv-02867-MDB, 2026 WL 2516306, at *2 (D. Colo. Aug. 26, 2026) (citing Singh v. Barr, Civil Action No. 19-cv-01381-STV, 2019 WL 13202230, at *4 (D. Colo. Oct. 25, 2019) (explaining that the removal period under § 1231(a)(1)(B)(ii) does not begin until after the court of appeals issues its final order if the petitioner has petitioned for review and the court of appeals has issued a stay of removal pending its review)). And fewer than 90 days have passed since the Removal Order became administratively final on

July 28, 2026. Accordingly, Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a), and his Petition must therefore be denied.[3] See id.

**III. Discussion**

Therefore, it is **HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED** and this case is now **CLOSED**.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

[3] However, the Court observes that the Removal Order may become "unfinal" if the Tenth Circuit Court of Appeals orders a stay of removal. See 8 U.S.C. § 1231(a)(1)(B)(ii). If that happens, Petitioner may file a motion for reconsideration.